**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL P. MAROTTA,

        Plaintiff-Appellant,

v.

CORTEZ, individually and in his official
capacity as a Denver Police Officer;
BLACK, individually and in his official
capacity as a Denver Police Officer;
ROCCO-MCKEEL, individually and in
his official capacity as a Denver Police
Officer; THE DENVER POLICE
DEPARTMENT; THE CITY AND
COUNTY OF DENVER,

        Defendants-Appellees.

No. 11-1494
(D.C. No. 1:08-CV-02421-WJM-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Michael P. Marotta, who at all times has proceeded pro se,[1] appeals from the district court's orders dismissing and granting summary judgment on his 42 U.S.C. § 1983 claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Marotta initially filed this § 1983 action in state court. Defendants--three police officers, the Denver Police Department, and the City and County of Denver--removed the action to federal district court. In his fourth amended complaint, Mr. Marotta asserted violations of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments with respect to two arrests at his condominium building. In specific, he asserted six claims for relief: (1) violation of his right against search and seizure by all defendants; (2) loss of liberty without due process by all defendants; (3) excessive force violations by Officer Rocco-McKeel, the Denver Police Department, and the City and County of Denver; (4) malicious prosecution by all defendants; (5) intentional infliction of emotional distress and outrageous conduct by all defendants; and (6) malicious prosecution by all defendants resulting in his incurring legal and other expenses. Defendants moved to dismiss all claims, except the excessive force claim, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

The magistrate judge recommended (1) dismissal of the Denver Police Department because it is not an independent legal entity of the City and County of

---

[1] We liberally construe Mr. Marotta's pro se filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Denver and therefore is not a proper party;[2] (2) dismissal of the alleged violation of Fifth Amendment rights because no federal official or entity is a defendant; (3) dismissal of the Fourteenth Amendment arrest and use-of-force claims because those claims should be raised as Fourth Amendment claims; (4) dismissal of the First Amendment claim for failing to set forth sufficient allegations and for time bar; (5) dismissal of the Fourth Amendment claim because (a) Mr. Marotta failed to allege sufficient facts to state a claim that the officers could not have believed there was probable cause to arrest him; (b) the officers were entitled to qualified immunity; and (c) without a predicate constitutional violation by an officer, the City and County of Denver could not be liable; (6) dismissal of the malicious prosecution claims because there was probable cause to arrest Mr. Marotta; and (7) dismissal of the intentional infliction of emotional distress or outrageous conduct claim as conclusory. In summary, the magistrate judge recommended that all claims but the excessive force claim be dismissed and that Officers Cortez and Black and the Denver Police Department be dismissed. The district court adopted the magistrate judge's recommendation.

Thereafter, Officer Rocco-McKeel and the City and County of Denver moved for summary judgment on the excessive force claim. Mr. Marotta responded and filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the dismissals of the other claims.

_____

[2]      Mr. Marotta does not challenge the dismissal of the Denver Police Department.

- 3 -

The magistrate judge recommended that the motion for summary judgment be granted. In so recommending, the magistrate judge decided that Officer Rocco-McKeel's conduct did not rise to the level of a Fourth Amendment violation and did not exceed what was reasonable to make a lawful arrest under the circumstances. The magistrate judge therefore determined Officer Rocco-McKeel was entitled to qualified immunity. With respect to the City and County of Denver, the magistrate judge decided that (1) Mr. Marotta could not predicate a § 1983 claim against the City and County of Denver based on negligence; (2) the finding of qualified immunity for Officer Rocco-McKeel precluded imposition of municipal liability; (3) Mr. Marotta did not show the existence of a governmental policy or custom that deprived him of a constitutional right or a direct causal connection between a Denver policy or custom and the alleged constitutional violation; and (4) Mr. Marotta failed to show deliberate indifference by the City and County of Denver. The district court adopted the magistrate judge's recommendation to grant summary judgment on the excessive force claim. This appeal followed.

Mr. Marotta argues on appeal that (1) the district court erred in dismissing his claims for failure to state a claim upon which relief may be granted, and, instead, should have held a jury trial; (2) the district court ignored both (a) the lack of probable cause for the second arrest due to a false police report and (b) the

- 4 -

Americans with Disabilities Act (ADA);[3] (3) the district court ignored the lack of exigent circumstances needed to justify a warrantless arrest and therefore the second arrest was unconstitutional; (4) the district court erred in finding that the police officers were entitled to qualified immunity; (5) the district court ignored disputed issues of material fact concerning the probable cause statement; (6) the district court should have found undisputed material facts concerning the probable cause statement in his favor; (7) the district court ignored established case law and the Equal Protection Clause of the Fourteenth Amendment; and (8) the district court erred in not ruling on his Rule 60(b) motion.

We review the district court's dismissal under Rule 12(b)(6) de novo. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010); *Denver Justice & Peace Comm., Inc. v. City of Golden*, 405 F.3d 923, 927 (10th Cir. 2005) (Rule 12(b)(6) and qualified immunity). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Likewise, we review the "granting [of] summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is warranted only if there

---

[3]     Mr. Marotta never raised a claim based on the ADA in his complaint. We therefore will not address any appellate arguments concerning the ADA. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (declining to consider issue raised for the first time on appeal).

is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Although "[w]e review a grant of summary judgment on the basis of qualified immunity de novo," *Harman v. Pollock*, 586 F.3d 1254, 1260 (10th Cir. 2009), "we review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he . . . is entitled to judgment as a matter of law." *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008) (internal quotation marks omitted). We view the facts in the light most favorable to the non-moving party. *Kirkland v. St. Vrain Valley Sch. Dist. No. Re-1J*, 464 F.3d 1182, 1188 (10th Cir. 2006).

Applying these standards and upon careful consideration of the parties' appellate briefs, the district court record, and relevant case law, we conclude the district court judge, adopting the magistrate judge's thorough recommendations, appropriately granted defendants' motions to dismiss and for summary judgment. Accordingly, we affirm for substantially the same reasons set forth in the

recommendations and orders. *See* R. at 531 (Nov. 3, 2009 magistrate judge's recommendation); *id*. at 696 (Feb. 16, 2010 district court order adopting magistrate judge's recommendation); *id*. at 1325 (June 27, 2011 magistrate judge's recommendation); *id*. at 1358 (Sept. 30, 2011 district court order adopting magistrate judge's recommendation).

Lastly, we reject Mr. Marotta's assertion that the district court's failure to rule on his Rule 60(b) motion was reversible error. In essence, the motion presented the same arguments he had been making repeatedly in his district court pleadings. Thus, the motion did not request relief that was "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotation marks omitted). Although Mr. Marotta claims newly discovered evidence supported the motion, the evidence either was known to him previously or was consistent with prior presented evidence. We therefore conclude as a matter of law that the district court's failure to rule on the motion was not an error requiring reversal.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge